Mitchell ROSENQUIST,
Plaintiff–Appellant,

v.

OTTAWAY NEWSPAPERS, INC. d/b/a
The Plattsburgh Press–Republican,
Defendant–Appellee.

No. 03–7340.

United States Court of Appeals,
Second Circuit.

Feb. 3, 2004.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Mark A. Schneider, Plattsburgh, NY, for Plaintiff–Appellant.

Meredith H. Savitt, O'Connell and Aronowitz, P.C., Albany, N.Y. (Jeffrey Sherrin, on the brief), for Defendant–Appellee.

PRESENT: NEWMAN, CALABRESI, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Mitchell Rosenquist brought this action in federal district court, alleging that his former employer, Ottaway Newspapers, discriminated against him in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, by subjecting plaintiff to an independent medical examination when he sought to return to the workplace after a serious illness, and by failing to rehire

him as a political reporter. The district court granted the defendant's motion for summary judgment on all of the plaintiff's claims, and we affirm.

In June 1996, a ruptured brain aneurysm caused Rosenquist, then a reporter for the *Plattsburgh Press–Republican,* to suffer a debilitating stroke, resulting in, among other things, diminished cognitive function and speech ability. In early 1997, after a long hospitalization and intensive rehabilitation, Rosenquist applied for reinstatement to his former position. He provided the defendant with a letter from his own physician indicating that the doctor would not object to the plaintiff's returning to work, but making no reference to Rosenquist's ability to do the particular job he sought. The defendant asked Rosenquist to undergo an independent medical examination to determine whether he was capable of performing the essential functions of the political reporting job, which was the only reporting job arguably open. When, in July 1997, a neurologist determined that Rosenquist was unable to do so, with or without reasonable accommodations, the defendant informed Rosenquist that he would not be able to return to the paper as a political reporter at that time. Rosenquist was invited to keep the management apprised of his medical progress, so that they might consider him for positions in the future.

On appeal, Rosenquist contends that the independent medical examination (IME) ordered by the defendant was an unlawful medical inquiry, prohibited by the ADA.

We agree with the district court that the defendant's decision to require an IME was justified by business necessity. *See Conroy v. N.Y. State Dep't of Corr. Servs.,* 333 F.3d 88, 97 (2d Cir.2003). Because Rosenquist had suffered an aneurysm with obvious effects on speech, defendant had reason to doubt his abilities to perform the essential functions of a reporter. Insofar as Rosenquist contends that the defendant's failure to reinstate him constituted discrimination based on disability, the plaintiff has not adduced enough evidence to permit a jury to find that the defendant did not act in good faith in selecting the independent medical examiner, in providing him with a description of the political reporter position,[1] and in crediting the examiner's conclusion that, at the relevant time, plaintiff was incapable of performing the essential functions of his former job, with or without reasonable accommodation.

Insofar as the plaintiff alleges that defendant failed reasonably to accommodate his disability, his claims likewise are unavailing. First, there is no indication in the record that there existed a reasonable accommodation that would have allowed Rosenquist to perform the essential functions of the job at the time that he applied for reinstatement. Further, while plaintiff argues that the defendant failed to enter into an interactive process that would have enabled the definition of a reasonable accommodation, the record does not indicate that the defendant refused to engage in such a process.[2]

---

1. A journalism professor who served as expert witness for plaintiff disputed the defendant's description of essential job functions, but even if a jury were to credit her assessment of the skills required, the defendant's acceptance of the medical examiner's conclusion that Rosenquist was not able to perform the job of political reporter was nevertheless reasonable.

2. The plaintiff does allege that he asked for a second, "non-partisan" medical examination, but since he has not adduced any evidence to show that the first examination was conducted in a biased manner, we cannot say that this request was a request for a reasonable accommodation.

We have considered all of the appellant's arguments and found them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

